UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RAND, | |
| Plaintiff, | CIVIL ACTION NO. 3:25-CV-442 |
| v. | (SAPORITO, J.) |
| EDWARD EVERSON, et al., | |
| Defendants. | |

MEMORANDUM

On November 7, 2024, the plaintiff, Charles Rand, filed a complaint in the Court of Common Pleas of Pike County against two defendants, Government Employees Insurance Company "(GEICO") and Edward Everson, for damages resulting from an automobile accident that occurred on February 16, 2023. (Doc. 1). On March 10, 2025, GEICO timely filed a notice of removal to this court alleging subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). (Doc. 1). Before the Court is the plaintiff's motion to remand the case to the Court of Common Pleas of Pike County. (Doc. 3). The parties have fully briefed the issues (Doc. 4; Doc. 5; Doc. 6), and for the reasons set forth herein, we will hold the motion in abeyance pending GEICO's amendment to its notice of removal.

I. **Background**[1]

The facts alleged in the plaintiff's complaint are sparse. At the time of the accident, the plaintiff avers that he was issued a policy of motor vehicle insurance issued by GEICO. On February 16, 2023, the plaintiff states that he was driving on Route 15 South when he collided with defendant Everson after defendant Everson attempted to merge on Route 15 South. The plaintiff has alleged that he has suffered property damage, physical injury, and expended significant financial resources as a direct and proximate result of defendant Everson's negligence, carelessness, and recklessness in the accident. The plaintiff also alleges that he is entitled to underinsured motorist benefits under his policy issued by GEICO.

II. **Legal Standard**

28 U.S.C. § 1441 governs the removal of a case to federal court. "[T]he burden of establishing removal jurisdiction rests with the defendant." *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 359 (3d Cir. 1995). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

---

[1] The facts are taken from the plaintiff's complaint. (Doc. 1-1).

removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

"Defendants must also establish that all pertinent procedural requirements for removal have been met." *Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F. Supp. 3d 551, 555 (W.D. Pa. 2015) (quoting *A.R. v. Norris,* No. 3:15-CV-1780, 2015 WL 6951872 at *1 (M.D. Pa. Nov. 10, 2015)). Parties seeking removal of an action must file a notice of removal with the district court within thirty days after the receipt by the defendants, through service or otherwise, of the complaint upon the defendants. 28 U.S.C. § 1446(b)(1). When a case involves multiple defendants, "each defendant individually has thirty days to file a notice of removal beginning when that particular defendant is served." *Delalla v. Hanover Ins.*, 660 F.3d 180, 185 (3d Cir. 2011). "[A]ll defendants must unanimously join or consent to the removal through a timely-filed, express written indication of consent." *Dietz v. Avco Corp.*, 168 F. Supp. 3d 747, 756 (E.D. Pa. 2016). This action can take the form of: (1) clearly and unambiguously joining in the removing defendant's notice of removal; or (2) filing a separate written consent to removal with the

court." *Leben v. Steiner Indus., Inc.*, No. 1:24-CV-01398, 2024 WL 4476648, at *3 (M.D. Pa. Oct. 11, 2024).

"Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court." *Id.* (quoting *McGuire v. Safeware, Inc.*, No. CIV. A. 13-3746, 2013 WL 5272767, at *1 (E.D. Pa. Sept. 17, 2013)). "Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). However, a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1446(a). A motion to remand based on an objection to a procedural defect in the removal process is clearly waived if not raised within the thirty-day period after the filing of the notice of removal. *See Air-Shields, Inc. v. Fullam*, 891 F.2d 63, 66 (3d Cir. 1989) ("By remanding the case for procedural defects after the thirty day limit imposed by … Section 1447(c) had expired, the district court exceeded [its] statutory defined power."). Courts are without authority to expand this period. 28 U.S.C. § 1446(b).

## III. Discussion

The plaintiff contends that this action should be remanded for two reasons. First, the plaintiff argues that GEICO's failure to establish the necessary jurisdiction requirement of diversity at the time that the complaint was filed in state court warrants the remand of this action to the Court of Common Pleas of Pike County. Second, the plaintiff avers that GEICO violated the "rule of unanimity" when it failed to obtain the consent of the remaining defendant, Edward Everson.

### A. Rule of Unanimity

We first turn to the plaintiff's rule of unanimity argument. As we noted above, the rule of unanimity requires that when a case involves multiple defendants, "each defendant individually has thirty days to file a notice of removal beginning when that particular defendant is served." *Delalla*, 660 F.3d at 185. "All defendants must unanimously join or consent to the removal through a timely-filed, express written indication of consent." *Dietz*, 168 F. Supp. 3d at 756. This action can take the form of: (1) clearly and unambiguously joining in the removing defendant's notice of removal; or (2) filing a separate written consent to removal with the court." *Leben*, 2024 WL 4476648, at *3. Here, the plaintiff argues that

defendant Everson's failure to join in or consent to GEICO's removal of the action constitutes a violation of the rule of unanimity requiring the granting of his motion. GEICO does not contest that defendant Everson failed to join or consent to its removal, but rather argues that defendant Everson could not do so because "he was not served as of the time of Removal, nor has he been served at any time since." (Doc. 5, at 7). GEICO contends that the rule of unanimity requirement only requires that "*served* defendants in a state court action must join in the notice of removal." (*Id.*, at 8) (citing Moore's Federal Practice § 107.11(1)(c)) (emphasis added). On June 9, 2025, we ordered the plaintiff to provide proof of service upon defendant Everson for purposes of his rule of unanimity argument. (Doc. 9). On June 20, 2025, the plaintiff docketed proof of that service through a FedEx receipt delivered to an address in New Jersey purportedly belonging to defendant Everson. (Doc. 11). But we find that this purported service is defective and as such, we find that defendant Everson was not properly served. Therefore, the plaintiff's rule of unanimity argument fails.

Rule 4(e) of the Federal Rules of Civil Procedure governs service on individuals located within a judicial district of the United States. *See*

Fed. R. Civ. P. 4(e). It states that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In this action, because this Court is located in Pennsylvania and defendant Everson is allegedly a citizen of New Jersey, both Pennsylvania and New Jersey law equally apply to service of process.

The plaintiff in this action has elected to serve defendant Everson in New Jersey through FedEx delivery. *See* (Doc. 11). "Under Pennsylvania Rule of Civil Procedure 404, a plaintiff may serve process outside the Commonwealth of Pennsylvania in the manner provided by Pennsylvania Rule of Civil Procedure 403." *Fox v. Chipotle Mexican Grill, Inc.*, No. 2:20-CV-1448, 2021 WL 706757, at *2 (W.D. Pa. Feb. 23, 2021). Rule 403 states:

> If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail.
>
> > (1) If the mail is returned with notation by the postal authorities that the defendant refused to accept the mail, the plaintiff shall have the right of service by mailing a copy to the

> defendant at the same address by ordinary mail with the return address of the sender appearing thereon. Service by ordinary mail is complete if the mail is not returned to the sender within fifteen days after mailing.
>
> (2) If the mail is returned with notation by the postal authorities that it was unclaimed, the plaintiff shall make service by another means pursuant to these rules.

Pa. R.C.P. 403. Pertinent to this action, Rule 403 dictates that service of process through ordinary mail requires "a receipt signed by the defendant or his authorized agent." *Id.* But the plaintiff's proof of service fails to attach evidence of a signed receipt; indeed, the attachment specifically states that a signature is not required for delivery. (Doc. 11, at 2–3). Nonetheless, Rule 403 allows for service by ordinary mail without requiring a receipt signed by the defendant "if the mail is returned with notation by the postal authorities that the defendant refused to accept that mail." Pa. R.C.P. 403. But again, there is no evidence that defendant Everson refused to accept service of process by mail. Rather, the record shows that a copy of the summons was merely left at defendant Everson's address without his involvement.[2] Therefore, because the plaintiff does

---

[2] There is also a question as to defendant Everson's address. The
*(continued on next page)*

not offer any evidence that defendant Everson signed the certified delivery receipt or refused service, we find that the plaintiff has failed to show that service was properly effectuated in accordance with the Pennsylvania Rules of Civil Procedure.[3]

The plaintiff has also failed to show that service was properly effectuated under the New Jersey Rules of Civil Procedure. New Jersey law provides that service of process may be effected by mail in two situations. A plaintiff may first attempt to serve a defendant by "registered, certified or ordinary mail" but only where "the defendant answers the complaint or otherwise appears in response thereto" within sixty days following mailed service. N.J. Ct. R. 4:4–4(c). Second, service may be made by simultaneously sending copies of the summons and complaint by registered or certified mail, return receipt requested, and

---

plaintiff's notice of removal places defendant Everson's residence at 76a Minnisink Road, Lake Hopatcong, NJ, 07849. (Doc. 1, ¶ 3). But the plaintiff allegedly served defendant Everson at 482 Union Street, Rahway, NJ, 07065 (Doc. 11).

[3] Rule 405 also clarifies that even if defendant Everson refused to accept mail service and the plaintiff subsequently served the defendant by ordinary mail, the plaintiff must still produce evidence of a "returned letter with the notation that the defendant refused to accept delivery" and "an affidavit that the letter was mailed by ordinary mail and was not returned within fifteen days after mailing." Pa. R.C.P. 405.

by ordinary mail if a plaintiff files an affidavit satisfying the requirements of N.J. Ct. R. 4:4–5(b) by establishing that "despite diligent effort and inquiry personal service cannot be made." N.J. Ct. R. 4:4–4(b)(1)(c); see also Lewis v. Vestberg, No. CV 23-0102 (ES) (JSA), 2024 WL 866349, at *4 (D.N.J. Feb. 29, 2024).

But defendant Everson has neither answered the complaint nor otherwise appeared in this action to effectuate service by ordinary mail. Moreover, the plaintiff has failed to file an affidavit establishing that "despite diligent effort and inquiry personal service cannot be made, N.J. Ct. R. 4:4–4(b)(1)(c), and serve defendant Everson by registered or certified mailed *in addition* to ordinary mail. *Id.* The plaintiff, as we noted above, has merely attached a receipt from a FedEx delivery.

Therefore, because the plaintiff's service of process fails to satisfy the requirements of the Federal Rules of Civil Procedure, Pennsylvania Rules of Civil Procedure, and New Jersey Rules of Civil Procedure, we find that defendant Everson was never properly served and thus, not required to join in or consent to GEICO's notice of removal under the rule of unanimity. *See Am. Asset Fin., LLC v. Corea Firm*, 821 F. Supp. 2d 698, 699 (D.N.J. 2011) "[T]he rule of unanimity does not apply … when a

defendant has not been served when the removing defendants filed their notice of removal.") (citations and quotations omitted); *Ogletree v. Barnes*, 851 F. Supp. 184, 187 (E.D. Pa. 1994) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 540–41)) ("[D]efendants who have not been served with the initial pleadings … at the time the notice of removal is filed are also not required to join in the notice of removal or otherwise consent to removal.").

### B. Diversity of Citizenship

The plaintiff's second argument concerns the precedent that "a defendant utilizing diversity for removal must show that diversity existed not only upon removal but also at the time of commencement of the action in state court." *Fiorentino v. Huntingside Assocs.*, 679 F. Supp. 3, 5 (E.D. Pa. 1987) (citing *Kerstetter v. Ohio Casualty Ins. Co.*, 496 F. Supp. 1305, 1307 (E.D. Pa. 1980)). Put differently,

> [s]omewhere in the record, either in the petition for removal or in the pleadings filed in state court, the record must affirmatively show diversity of citizenship not only at the time the removal petition is filed … but [also] at the time of the commencement of the suit in the state court.

*Carlton Props., Inc. v. Crescent City Leasing Corp.*, 212 F. Supp. 370, 371 (E.D. Pa. 1962). The plaintiff argues that the record only shows that

diversity of citizenship was present at the time of GEICO's removal petition, and it does not show that diversity of citizenship existed at the commencement of the action on November 7, 2024. Our review of the complaint docketed commencing this action on November 7, 2024 (Doc. 1) reflects that there are no allegations setting forth defendant Everson's address or state of domicile. Moreover, the complaint fails to set forth defendant Geico's state of incorporation or the state of its principal place of business. *See S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006 (citing *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982)) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business.").

Neither party disputes that diversity of citizenship was present at the time of GEICO's removal petition. GEICO's notice of removal states:

> 10. GEICO is filing this Notice of Removal in that complete diversity of citizenship exists between Plaintiff, a citizen of Pennsylvania; co-Defendant Everson, a citizen of New Jersey; and GEICO, a citizen of Maryland and the amount in controversy is in excess of Seventy-Five Thousand Dollars.

(Doc. 1, ¶ 10). But as the plaintiff notes, GEICO uses the present tense "exists" in its notice of removal, and when "the allegations in the petition

for removal are in the present tense," they "do not properly allege the existence of diversity at the time the complaint was filed in state court." *Kerstetter*, 496 F. Supp. at 1308; see *Tucker v. Wal-Mart Stores E., L.P.*, No. 3:18-CV-02284, 2019 WL 2324571, at *5 (M.D. Pa. May 31, 2019) (finding that the use of the present tense suggests "[while] diversity may have existed upon this action's removal, … the notice of removal does not allege the same regarding this action's initiation."); *Austin v. Nugent*, No. CV 3:16-1567, 2016 WL 7048994, at *2–3 (M.D. Pa. Dec. 5, 2016) (finding insufficient allegations of diversity when the notice of removal stated "that the parties [we]re diverse in citizenship in the present tense alone and d[id] not state the citizenship of the parties at the time of the initial filing of the complaint."). Therefore, GEICO's allegations in its notice of removal only satisfy the diversity requirement at the time of removal; they do not satisfy the requirement at the time of the initial filing of the complaint.

A review of the plaintiff's pleadings filed in state court also indicates that GEICO has failed to satisfy the diversity requirement at the initial filing of the complaint. The complaint does not contain any allegation concerning the parties' citizenship. Its allegations only concern

the conduct as it relates to location of the accident in Pike County, Pennsylvania. *See* (Doc. 1-1) ("6. Plaintiff is a resident of Pike County, Pennsylvania[;]" "9. The automobile insurance policy did in fact provide insurance coverage for Plaintiff's motor vehicle in Pike County, Pennsylvania[;]" and "13. On or about February 16, 2023, at [westbound on Route 15 South], the motor vehicle operated by Defendant Edward Everson was involved in an automobile accident with the motor vehicle operated by Plaintiff Charles Rand."). Therefore, the record is devoid of any fact or allegation affirming diversity of citizenship at the time of the initial filing of the complaint.

But 28 U.S.C. § 1653 allows district courts to remedy "inadequate jurisdictional *allegations*, but not defective jurisdiction facts." *Tucker*, 2019 WL 2324571, at *5 (quoting *USX Corp v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003)) (emphasis added); *see Steele v. State Farm Mut. Auto. Ins. Co.*, No. CV 3:17-0004, 2017 WL 590276, at *2 (M.D. Pa. Feb. 14, 2017) ("If the jurisdictional error is simply a technical error in the notice, '[d]effective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.'") (quoting 28 U.S.C. § 1653); *Xia Zhao v. Skinner Engine Co.*, No. CIV.A. 11-7514, 2012 WL 1758145, at *2

(E.D. Pa. May 16, 2012) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989)) ("Section 1653 permits jurisdictional amendments where jurisdiction 'in fact existed at the time the suit was brought or removed, though defectively alleged.'"). Moreover, "[w]here … the existence of diversity jurisdiction is not contested and allegations of the parties' diverse citizenship are contained in other documents in the record, the court may deem 'technical' pleading deficiencies in the removal notice's jurisdictional allegations and may allow the removing party to cure them by amendment." *Id.* (quoting *Ellerbee v. Union Zinc, Inc.*, 881 F. Supp. 162, 164–65 (E.D. Pa. 1995)) (citations omitted). Here, the plaintiff has not alleged that complete diversity does not exist, only that GEICO has failed to allege it. In other words, there is "no controversy as to the diverse citizenship of the parties both at the time suit was commenced and at the time of removal." *Moser v. Bostitch Div. of Textron, Inc.*, 609 F. Supp. 917, 919 (W.D. Pa. 1985). Therefore, we will allow GEICO an opportunity to amend its notice of removal.

## IV. Conclusion

For the foregoing reasons, the plaintiff's motion to remand will be held in abeyance pending the filing of GEICO's amended notice of

removal consistent with this Memorandum.

An appropriate order follows.


Dated: November 13, 2025         *Joseph F. Saporito, Jr.*
                                 JOSEPH F. SAPORITO, JR.
                                 United States District Judge