UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES RAND,

    Plaintiff,

    v.

EDWARD EVERSON, et al.,

    Defendants.

CIVIL ACTION NO. 3:25-CV-442

(SAPORITO, J.)

## MEMORANDUM

This matter is before the court on a motion for a protective order filed by one of the two defendants in this action, Government Employees Insurance Company ("GEICO"). (Doc. 20). In its motion, GEICO seeks a protective order to prevent a noticed deposition seeking information with respect to GEICO's investigation of the plaintiff's automobile accident claim, which underlies this action. We will deny the motion for the following reasons.

## I.    Factual Background[1]

The facts alleged in the plaintiff's complaint are sparse. At the time of the accident, the plaintiff avers that he was issued a policy of motor

---

[1] The facts are taken from the plaintiff's complaint. (Doc. 1-1).

vehicle insurance issued by GEICO. On February 16, 2023, the plaintiff alleges that he was driving on Route 15 South when he collided with defendant Everson after defendant Everson attempted to merge on Route 15 South. The plaintiff claims that he has suffered property damage, physical injury, and expended significant financial resources as a direct and proximate result of defendant Everson's negligence, carelessness, and recklessness in the accident. The plaintiff also alleges that he is entitled to underinsured motorist benefits under his policy issued by GEICO.

## II.    Legal Standard

The scope of discovery in federal court is governed by Rule 26 of the Federal Rules of Civil Procedure and is to be construed liberally. *See Pacitti v. Macy's*, 193 F.3d 766, 766 (3d Cir. 1999); *see also Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810 (W.D. Pa. 2016). Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b).

A motion for a protective order is governed by Rule 26(c) of the Federal Rules of Civil Procedure. Rule 26(c) permits "[a] party or any

person from whom discovery is sought [to] move for a protective order." Fed. R. Civ. P. 26(c)(1). The Court may, for good cause, issue a protective order to shield a party "from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* GEICO, as the party seeking the protective order, bears the burden of persuasion and must demonstrate a "particular need for protection" beyond a "[b]road allegation of harm, unsubstantiated by specific examples or articulated reasoning." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

## III.   Discussion

As we noted above, Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). GEICO has moved for a protective order, arguing that discovery depositions of claims professionals are improper for claims involving underinsured motorist benefits. GEICO contends that its claims professional lacks personal knowledge of the facts relevant to the issues of liability in this action, and further argues that the plaintiff attempts to seek the claims professional's mental impressions, conclusion, or opinions of the action, which are all privileged.

But here, the plaintiff's deposition notice does not seek any protected work product. The plaintiff seeks only the factual information related to GEICO's investigation into the plaintiff's claim and its determination to deny coverage based on the automobile accident. (Doc. 21, at 12) (seeking "information about the accident, about Geico's information concerning the case, Geico's factual reasons for denying averments, Geico's factual reasoning for the Affirmative Defenses it raised and its investigation and fact[s] concerning the case."). In the context of a breach of contract claim, courts have allowed the insured to inquire into the factual details of the insurer's investigation and evaluation of a claim for coverage. *See Gianacopoulos v. Acuity*, No. 3:23-CV-992, 2024 WL 3204245, at \*3 (M.D. Pa. June 26, 2024); *Rau v. Allstate Fire & Cas. Ins. Co.*, No. 3:14-CV-00479, at \*3 (M.D. Pa. May 29, 2015). Therefore, we find the plaintiff's requested discovery to be relevant.

Moreover, we find the requested discovery to be proportional. As the party resisting discovery, GEICO must explain with specificity why the discovery is inappropriate. But we find that GEICO's motion does not adequately address the proportionality factors enumerated in Rule 26 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1)

- 4 -

(providing that, in determining whether discovery is proportional to the needs of the case, we must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relative information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Indeed, the crux of GEICO's motion concerns the relevance of its claims representative's testimony, rather than the proportionality and scope of that request for discovery.

## IV.   Conclusion

For the foregoing reasons, GEICO's motion for a protective order will be denied.

An appropriate order follows.

Dated: June 25, 2026                 *s/Joseph F. Saporito, Jr.*
                                      JOSEPH F. SAPORITO, JR.
                                      United States District Judge